UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA** | **CASE NO. 6:23-CV-00225** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **ABBVIE INC ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### RULING ON OBJECTIONS TO R&R

The present matter before the Court is the Defendants' Objections to the Report and Recommendation ("R&R") on the Motion to Remand [ECF No. 33]. In the R&R [ECF No. 32], the Magistrate Judge concludes that the Court lacks subject matter jurisdiction and recommends that the State of Louisiana's Motion to Remand [ECF No. 26] the case to the 27th Judicial District Court, St. Landry Parish, Louisiana, be granted. The Court held oral argument on the Objections on July 26, 2024. After considering the parties' arguments and the relevant authorities, the Court OVERRULES the Objections and ADOPTS the R&R in its entirety.

## I.
### BACKGROUND

This case originated as a state court proceeding filed by the State of Louisiana in the 27th Judicial District Court, St. Landry Parish, Louisiana, against defendants Warner Chilcott Limited; Warner Chilcott (US), LLC; Warner Chilcott Sales (US), LLC; Warner Chilcott Company, LLC; Warner Chilcott, plc; Watson Laboratories, Inc.; Actavis, Inc.; Allergan, plc; Abbvie, Inc.; and Lupin Pharmaceuticals, Inc. ("Defendants").[1] The State alleges that Defendants "employed an unlawful scheme designed to prevent or delay less expensive generic versions [of] Loestrin 24 from entering the Louisiana market, which allowed defendants to sell the Loestrin 24 drugs into

---

[1] ECF No. 1-1.

1

the Louisiana market at supra-competitive, monopoly level prices."[2] The State asserts only state law claims under the Louisiana Monopolies Act, La. R.S. § 51:121 et seq., the Louisiana Unfair Trade Practices Act, La. R.S. § 51:1401, et seq., the Louisiana Medical Assistant Programs Integrity Law, La. R.S. § 46:437.1, et seq., and an alternative cause of action for unjust enrichment.[3] Defendants removed the case to federal court on the grounds of federal question jurisdiction under 28 U.S.C. § 1331, and the State timely moved to remand.[4] The Court referred the State's Motion to Remand to the Magistrate Judge. The Magistrate Judge then issued the R&R recommending that the Motion to Remand be granted.[5] In that regard, the Magistrate Judge concluded that the State asserted only state-law claims and that these claims did not require the resolution of a substantial and disputed issue of federal law. Accordingly, the Magistrate Judge concluded that the defendants had not established grounds for federal question jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng. & Mfg.*[6] Defendants then timely filed an objection to the R&R.[7]

## II.
## DISCUSSION

### A. Filed-Rate Doctrine.

Defendants first object to the R&R on the ground that the R&R does not "mention—let alone address—the lead argument raised against remand: namely, that the application of the Filed-Rate Doctrine to the federal Medicaid program creates an unavoidable federal question."[8] "The filed rate doctrine bars judicial recourse against a regulated entity based upon allegations that the

---

[2] *Id.*
[3] *Id.*
[4] ECF Nos. 1, 26.
[5] ECF No. 32.
[6] 545 U.S. 308, 314 (2005).
[7] ECF. No. 33.
[8] ECF No. 33 at 8.

2

entity's 'filed rate' is too high, unfair or unlawful."[9] The defense most commonly arises in cases involving utilities regulated by FERC or state public utility commissions.[10] The defense bars federal and state law claims that have the effect of collaterally challenging a rate filed with a federal or state regulator, even if the claims do not directly attack the filed rate. Moreover, the defense applies equally to "unfiled" market rates where a regulator maintains some level of oversight with respect to market rates.[11]

According to Defendants, the State's state law claims challenge the Medicare net reimbursement rate for Loestrin 24, and this reimbursement rate is based on a federally defined formula set forth in 42 C.F.R. §§ 447.502, .504, .505, and .509(a).[12] The State's claims target certain actions allegedly undertaken by Defendants to artificially inflate the market price of Loestrin 24.[13] According to Defendants, these market rates feed into the federally defined formula for determining Medicare's net reimbursement rate—i.e. the "filed rate."[14] Defendants argue that if the State's claims are successful, its damages would be calculated based on a different net reimbursement rate in violation of the Filed-Rate Doctrine.[15] Defendants contend that because the State's claims implicate the Filed-Rate Doctrine, federal question jurisdiction exists over these wholly state law claims. The Court disagrees.

Assuming, *arguendo*, that the Filed-Rate Doctrine applies to Plaintiffs' state law claims challenging Defendants' market prices—which are not regulated by the federal government—the

---

[9] *Texas Com. Energy v. TXU Energy, Inc.*, 413 F.3d 503, 507 (5th Cir. 2005).
[10] *Id.*; *Ark. La. Gas Co. v. Hall*, 453 U.S. 571, 578 (1981) (Filed-Rate doctrine prohibits seller of natural gas to collect a rate different than the one it filed with the Federal Power Commission.); *Tex. E. Transmission Corp. v. Fed. Energy Regulatory Comm'n*, 102 F.3d 174, 189 (5th Cir. 1996) (natural gas pipeline precluded from retroactively assessing customer rates based on a new and different rate methodology because the prior rates had been filed with a federal agency)
[11] *TXU Energy, Inc.*, 413 F.3d at 509.
[12] ECF No. 33 at 7-9.
[13] *Id.*
[14] *Id.*
[15] *Id.*

3

doctrine is a federal defense.[16] Under the "well-pleaded-complaint" rule, federal jurisdiction exists "only if a federal question appears on the face of the plaintiff's well-pleaded complaint."[17] The defendant's assertion of a defense—even a federal defense—generally does not support federal question jurisdiction over state law claims absent complete preemption or some other basis for federal court jurisdiction.[18] The same principle applies to the federal Filed-Rate Doctrine defense in that the mere assertion of the defense does not provide an independent ground for federal court jurisdiction.[19] The cases cited by Defendants, such as *Old Dominion Elec. Coop v. PJM Interconnection, LLC*,[20] and *Marcus v. AT&T Corp.*,[21] involved challenges to federally-filed tariffs that included extensive regulation of the relationship between the regulated utilities and their customers; according to the courts, these tariffs rose to the level of formal agency regulations.[22] The plaintiffs' claims in these cases raised substantial questions about the terms of the tariffs.[23] These courts concluded that the *plaintiffs' claims*, not the defendants' mere assertion of the Filed-Rate Doctrine defense, raised substantial questions of federal law that provided a basis for federal question jurisdiction.[24]

---

[16] It is not clear that the Filed-Rate Doctrine would apply to the State's claims alleging that Defendants' anti-competitive practices distorted and inflated the market price of Loestrin 24. Defendants have not cited, and the Court has not found, any circuit precedent applying this doctrine to the market prices set by pharmaceutical companies. HHS and CMS do not appear to exercise the same control or oversight of drug market pricing as do utility regulators over utility rates (even with respect to wholesale, market utility rates). See, e.g., *TXU Energy, Inc.*, 413 F.3d at 509 (discussing the extent to which energy regulators exercise oversight with respect to wholesale market rates).
[17] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).
[18] *Id.*
[19] *Northeastern Rural Electric Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893 (7th Cir. 2013) (the "filed-rate doctrine" defense does not provide an independent jurisdictional basis that would support removal).
[20] 24 F.4th 271, 287 (4th Cir. 2022).
[21] 138 F.3d 46, 56 (2d Cir. 1998).
[22] *Old Dominion Elec. Coop*, 24 F.4th at 275 (explaining that the tariffs at issue " '[c]arry the force of federal law,' in the same sense as ordinary federal regulations.") (quoting *Bryan v. BellSouth Commc'ns, Inc.*, 377 F.3d 424, 429 (4th Cir. 2004)). Defendants cite *Bryan* in their Filed-Rate Doctrine argument.
[23] *Id.*
[24] *Id.*

Accordingly, the Court must apply the law governing when a wholly state law claim nevertheless supports federal question jurisdiction because it requires the resolution of a substantial question of federal law. As explained by the Fifth Circuit in *Singh v. Duane Morris LLP*, "[t]he fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction."[25] Rather, citing *Grable & Sons Metal Prods., Inc.*,[26] the court held that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."

Here, while the Magistrate Judge did not expressly address the Filed-Rate Doctrine, the Magistrate Judge addressed the requirements for jurisdiction under *Grable* and concluded that Plaintiffs' state law claims do not satisfy *Grable*'s requirements. The Court finds the Magistrate Judge's analysis of the *Grable* factors thorough and persuasive. The State's claims do not challenge the federal regulations creating the Medicare reimbursement formula on which Defendants base their Filed-Rate defense, nor do they challenge the federally defined components of that formula. Nor does the record reveal any dispute over the meaning or application of these regulations. Instead, the State's claims are based on Defendants' alleged market conduct and the effect of that conduct on the market prices for Loestrin 24. Defendants have not shown that HHS or CMS exercise such control or oversight over Defendants' market prices that the State's claims necessarily require the resolution of substantial federal issues that are actually disputed. The Court, therefore, overrules Defendants' objection to the R&R with respect to the Filed-Rate Doctrine.

---

[25] 538 F.3d 334, 338 (5th Cir. 2008).
[26] 545 U.S. at 314.

### B. Jurisdiction Based on Federal Patent Law Issues.

Defendants next object to the R&R on the grounds that "Plaintiff's state law claims concerning the alleged fraud on the PTO, sham patent litigation, and reverse payment requires deciding the validity of [Defendants' Patent] under federal patent law" and thus supports federal court jurisdiction.[27] Defendants rely primarily on three cases—*Chandler v. Phx. Servs., L.L.C.*,[28] *Pro. Real Est. Inv's., Inc. v. Columbia Pictures Indus., Inc.* ("*P.R.E.*"),[29] and *Xitronix Corp. v. KLA-Tencor Corp.*[30]—to support their argument that the State's claims necessarily raise questions of federal patent law over which the court has exclusive jurisdiction.[31] All three cases cited by Defendants are distinguishable. *Chandler* involved a federal Sherman Act antitrust claim, which provided an independent basis for federal court jurisdiction. The jurisdictional issue addressed by the Circuit was not subject matter jurisdiction, but whether the plaintiff's "*Walker Process* claim … present[s] a substantial issue of patent law" such that the U.S. Court of Appeals for the Federal Circuit had exclusive ***appellate jurisdiction*** under 28 U.S.C. § 1295(a)(1) to hear the appeal from the district court.[32] In short, *Chandler* does not support Defendants' jurisdictional arguments here.

Nor does *P.R.E.* or *Xitronix* support Defendants' jurisdictional arguments. The plaintiffs in *P.R.E.* asserted federal copyright and Sherman Act claims, which, as in *Chandler*, provided an independent basis for federal court jurisdiction.[33] *Xitronix*, like *Chandler*, involved federal Sherman Act claims and focused on the question of whether patent issues raised in the case invoked the exclusive appellate jurisdiction of the Federal Circuit over the appeal from the district court's

---

[27] ECF No. 33 at 15.
[28] 45 F.4th 807, 812–13 (5th Cir. 2022).
[29] 508 U.S. 49, 50 (1993).
[30] 916 F.3d 429, 441 (5th Cir. 2019).
[31] ECF No. 33 at 15.
[32] 45 F.4th at 812–13.
[33] 508 U.S. at 50.

ruling.[34] Again, there were no questions of subject matter jurisdiction in either case because the presence of federal claims in the complaints supported federal question jurisdiction. In the present case, as noted by the Magistrate Judge, the State asserts only state law claims and any issue of federal patent law does not require the resolution of any substantial federal issues that are actually disputed. In sum, the Court agrees with the Magistrate Judge's conclusion that any patent questions raised by Plaintiff's state law claims do not support federal question jurisdiction.

* * *

The Court OVERRULES the Objections and ADOPTS the R&R in its entirety. A judgment in conformity with the Court's ruling on the Objections will be issued contemporaneously with this ruling.

THUS DONE AND SIGNED in Chambers, this 21st day of August, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[34] 916 F.3d at 441.